ARTHUR R. KING, III and CAROL A. KING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 9869-82.
United States Tax Court
T.C. Memo 1987-312; 1987 Tax Ct. Memo LEXIS 312; 53 T.C.M. (CCH) 1217; T.C.M. (RIA) 87312; June 24, 1987. Arthur R. King, III and Carol A. King, pro se. Vikki Pryor, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: This matter is before us on respondent's Motion for Entry of Decision which was filed when this case was called for trial. Respondent determined a deficiency in petitioners' 1975 taxes in the amount of $11,854 and, with respect to Arthur R. King, III only, an addition to tax for fraud pursuant to section 6653(b) [1] in the amount of $5,927. The deficiency is based on respondenths disallowance of an investment tax credit carryback from 1978 to 1975. The issues for decision are: (1) the correctness of this disallowance and (2) whether Arthur R. King, III is liable for an addition to tax for fraud. *313 BACKGROUND Petitioners, husband and wife, resided in Rockford, Illinois at the time the petition herein was filed. No appearance at trial was made by them or on their behalf. Concurrently with the filing of their 1978 return, petitioners claimed entitlement to a tax refund for 1975 as a result of an investment tax credit carryback from 1978. In a related case, (filed June 24, 1987), we sustained respondent's determination that petitioners had underreported their 1978 income, that there was a deficiency in petitioners' 1978 Federal income tax in the amount of $16,487, and that Arthur R. King, III was liable for an addition to tax for fraud with respect to the 1978 deficiency. In calculating the 1978 deficiency, respondent allowed petitioners the entire claimed investment tax credit. Such credit was completely absorbed by their 1978 income, as redetermined. There was, therefore, no unused investment tax credit available for carryback to 1975. The record does not show whether petitioners received any of the claimed 1975 tax refund. DISCUSSION Petitioners bear the burden of proving that respondent erred in determining *314 a deficiency with regard to their 1975 tax liability. Rule 142(a). Petitioners have not carried that burden; they put on no case whatsoever. They failed to properly prosecute this case by not appearing at trial. Thus, respondent's determination with respect to the underlying tax deficiency is sustained. See Rule 123. Respondent bears the burden of proving that Arthur R. King, III is liable for an addition to tax for fraud. Section 7454; Rule 142(b). Respondent must prove, by clear and convincing evidence, that the taxpayer intended to evade taxes believed to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of taxes. Section 7454(a); Rule 142(b); ; , affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact; it is never presumed. , affd. without published opinion ; . Respondent failed to show that petitioners *315 received all or any part of the claimed refund, and we cannot presume that they did. Respondent has failed to carry his burden of proof with respect to the addition to tax for fraud, his determination with respect to such addition is not sustained. Accordingly, An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and as in effect during the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩